IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FREDY LEONEL OROZCO HERRERA,      )
                                  )
         Petitioner,              )
                                  )
    v.                            )      1:26-cv-326 (LMB/WBP)
                                  )
JEFF CRAWFORD, et al.,            )
                                  )
         Respondents.             )

## ORDER

Petitioner Fredy Leonel Orozco Herrera ("Herrera"), a native and citizen of Guatemala, has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since January 3, 2026. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I) and his due process rights (Counts II and III).

Herrera is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Herrera has also sued Joseph Simon, the Director of the Washington Field Office of ICE's Enforcement and Removal Operations Division; Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and Todd Lyons, the Acting Director of ICE (collectively, "the federal respondents"). For the reasons discussed in this Order, the Court finds that Herrera is detained pursuant to 8 U.S.C. § 1226(a). Additionally, because Herrera has already received a bond hearing pursuant to § 1226(a), his Petition will be granted as

to Counts II and III, and the federal respondents will be ordered to release Herrera from custody immediately.[1]

## I.

According to his Petition, Herrera has been in the United States since 2000 and was "not apprehended at the time of entry." [Dkt. No. 1] at ¶ 26. In 2017, Herrea was arrested for a driving-related offense and taken into immigration custody. Id. ¶ 27. On November 1, 2017, Herrera received a bond hearing pursuant to § 1226(a), at which time the Immigration Judge released Herrera from custody on a $10,000 bond. Id.; [Dkt. No. 1-5].

Following his release, Herrera complied with all bond-related and court-ordered requirements and has since applied for cancellation of removal. Id. ¶¶ 28, 30. His application was denied by an Immigration Judge, but Herrera appealed that decision in October 2025, and his appeal remains pending before the Board of Immigration Appeals. Id. ¶ 30. Additionally, Herrera "is the beneficiary of an approved form I-130 Petition for Alien Relative," which was filed by his U.S. citizen daughter. Id. ¶ 31. "This approved petition further demonstrates his substantial family ties to the United States, pathway toward lawful status, and incentive to comply with immigration proceedings." Id. ¶ 32.

On January 3, 2026, Herrera "was arrested by Immigration and Customs Enforcement officers outside a 7-Eleven" in Chanitlly, Virginia. Id. ¶ 32. When the ICE officers encountered him, they stated they were looking for individuals named "Alvaro" and "Julio Cesar Monroy Perez." Id. ¶ 32. Although Herrera denied using those names, the ICE officers did not verify his

---

[1] Because the Court is granting relief on due process grounds, it need not address Herrera's arguments based on the Immigration and Nationality Act. Additionally, Herrera does not have a cognizable claim for attorney's fees under the Equal Access to Justice Act ("EAJA") because a habeas proceeding is not a "civil action" under the EAJA. Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford, 1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6 (E.D. Va. Sept. 29, 2025).

identity and instead took him into custody. Id. Following his arrest, he was taken to Riverside Regional Jail, and when his family attempted to contact him, ICE "records showed that there was no one in the facility with that name." Id. ¶ 33. "When checking online, the family noticed that the records generated in connection with his custody listed him under the name 'Julio Cesear Monroy Perez' and reflected a different country of citizenship than his own, as well as a different date of birth." Id. Herrera is now detained at the Farmville Detention Center. Id. ¶ 35.

Herrera filed his Petition for Writ of Habeas Corpus on February 3, 2026. [Dkt. No. 1]. The Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission" and directing the federal respondents to "file either a Notice indicating that the factual and legal issues presented in this Petition do not differ in any material fashion from those presented in Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va.), or an Opposition to the Petition discussing the material differences between Ceba Cinta and this Petition." [Dkt. No. 2] at 1. In response, the federal respondents filed a Notice stating that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta" and requesting that this Court "incorporate the filings in Ceba Cinta into the record of this habeas case."[2] [Dkt. No. 4] at 1. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

## II.

The central question posed in Herrera's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention under § 1226(a). As

---

[2] The Court notes that, although the federal respondents indicated that "the factual and legal issues presented in the instant habeas petition do not differ in any material fashion from those presented in Ceba Cinta," the petitioner in Ceba Cinta, unlike Herrera, had not previously been released on bond pursuant to § 1226(a).

the federal respondents argued in their <u>Ceba Cinta</u> opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." <u>Ceba Cinta v. Noem, et al.</u>, 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. <u>Id.</u> Therefore, they argue that because Herrera has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). <u>Id.</u>

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as numerous district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. <u>See</u> <u>Romero v. Hyde</u>, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while

---

[3] <u>See</u> <u>Demirel v. Fed. Det. Ctr. Phila.</u>, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "the law is clear" that "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here"). Although the Court is aware of the Fifth Circuit's decision reaching a contrary conclusion, that decision is not binding here. <u>CASA de Maryland, Inc. v. Trump</u>, 971 F.3d 220, 260 (4th Cir. 2020). Moreover, the Court is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons cogently set forth in Judge Douglas's dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. <u>Buenrostro-Mendez v. Bondi</u>, Nos. 25-20496 & 25-40701, slip op. (5th Cir. Feb. 6, 2026).

simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025). This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and adopts Hasan's conclusions into this Order.

Herrera has been present in the United States since 2000. [Dkt. No. 1] at ¶ 26. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Herrera's detention is governed by § 1226(a). See Abreu v. Crawford, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025) ("There is a statutory distinction between noncitizens who are detained upon arrival into the United States and those who are detained after they have already entered the country, legally or otherwise."). Because an Immigration Judge has already released Herrera on a $10,000 bond— thus determining that Herrera does not pose either a danger to the community or a flight risk— his continued detention is unlawful.

### III.

For all these reasons, Herrera's Petition, [Dkt. No. 1], is GRANTED, and it is hereby

ORDERED that Herrera be released from custody by 11:00 AM on February 10, 2026, with all his personal property under the bond that was issued by the Immigration Judge on November 1, 2017; and it is further

ORDERED that Herrera must live at a fixed address which he must provide to the federal respondents.

The Clerk is directed to enter judgment in Herrera's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 9th day of February, 2026.

Alexandria, Virginia

/s/

Leonic M. Brinkema
United States District Judge

5